E. Lynn Schoenmann, Trustee
35 Miller Avenue, #298
Mill Valley, CA 94941
Telephone: 415-569-4390
Facsimile: 415-362-0416
lschoenmann@earthlink.net

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CEVERA TECHNOLOGY GROUP, INC. )<br>)<br>DEBTOR. ) <br>)<br>)<br>)<br>) | Case No. 19-30536 SDM<br><br>TRUSTEE'S APPLICATION TO<br>VACATE DISMISSAL |

E. Lynn Schoenmann, Trustee and Applicant herein, declares as follows:

1. Debtor filed its Chapter 7 petition in pro per on May 14, 2019 [Doc. 1].

2. On May 15, 2019 the Court issued an Order requiring the filing of required documents [Doc. 2] by May 28 and requiring the filing of a list of creditors also by May 29 [Doc. 3].

3. Also on May 15, 2019 the Court issued an Order to Show Cause why the case should not be dismissed due to the Debtor's failure to appear through counsel and requiring the Debtor to appear in court on June 7, 2019. [Doc. 5]

3. The case was assigned to Applicant as Chapter 7 trustee on May 15, 2019 [Doc. 4].

4. On May 28, 2019 the Debtor requested a 30-day extension of the deadline to file its schedules, Statement of Financial Affairs and list of creditors. [Doc. 10]

5. On May 31, 2019 the Court entered an order granting an extension until June 12, 2019 for the Debtor to file all completed documents. [Doc. 11]

6. On June 4, 2019, Malcolm Ruthven filed a notice of appearance in the case as counsel for the Debtor [Doc. 13], a response to the Order to Show Cause [Doc. 14] and a Motion to Extend Time for completion of the Debtor's initial filings [Doc. 16]. On June 5, 2019 [Doc. 16], the Court granted the Motion to Extend Time. The new deadline was set for June 26, 2019.

7.   The Debtor failed to appear at the initial 341(a) meeting of creditors, set for June 12, 2019. I reset the 341(a) meeting to July 2, 2019.

8.   In advance of the reset 341(a) meeting, I requested Debtor's counsel provide me with 18 categories of documents.

9.   Because I had not heard from him, on June 30, 2019, I wrote to Debtor's counsel inquiring about the Debtor's schedules and the categories of documents requested in advance of the 341(a) meeting. Debtor's counsel responded, that same day, stating that the Debtor did not intended to file schedules and would "prefer that the case be dismissed." I immediately responded writing that dismissal was "not an option", and that I intended to engage counsel to represent me in this bankruptcy case. Counsel responded writing "OK, I understand that", and asked to continue the 341(a) meeting set for July 2, 2019. I understood this email to indicate that counsel would be filing required documents and providing relevant records.

10.   On July 1, 2019, the day before the 341(a) meeting, and three business days following the expiration of the Court's Order extending the Debtor's time to file initial documents, the Court dismissed the Bankruptcy Case. This was 45 days after the filing of the petition.

11.   Based on my experience as a Chapter 7 Trustee, my independent research on the Debtor, and consultation with a forensic accountant (that I may ask be employed in this action), I believe the Debtor may have assets to administer. I further believe that the Debtor's creditors would be served via my administration of this Bankruptcy Case. Accordingly, I request the Court vacate the dismissal so that I may conduct my investigation and administer the Debtor's assets for the benefit of its creditors.

Dated: July 3, 2019                           By:_____/s/_____

                                              E. Lynn Schoenmann, Trustee